**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3-09-CV 0298-N** |
| **STANFORD INTERNATIONAL BANK, LTD.,** *et al.,* | § § § | |
| **Defendants.** | § § | |

**EXAMINER'S REPORT AND RECOMMENDATIONS NO. 8
AND REQUEST FOR STATUS CONFERENCE
(Prosecution of Third Party Class Actions and Related Litigation)**

March 11, 2014

John J. Little
Tex. Bar No. 12424230
jlittle@lpf-law.com
LITTLE PEDERSEN FANKHAUSER, LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]

COURT-APPOINTED EXAMINER

# TABLE OF CONTENTS

Page

Table of Contents     ii

Table of Authorities     iv

A.    Summary     1

B.    Supreme Court Ruling     2

    1.    *Troice v. Willis of Colorado, Inc.*, et al., Civil Action No. 09-CV-1274     2

    2.    *Troice v. Proskauer Rose, LLP, et al.*, Civil Action No. 09-1600     3

    3.    *Chadbourne & Parke, LLP v. Troice*, 571 U.S. ____,     4
       134 S.Ct. 1058 (2014)

C.    Request for Status Conference     4

    1.    *Troice v. Willis of Colorado, Inc.*, et al., Civil Action No. 09-CV-1274     5
       *Janvey v. Willis of Colorado, Inc., et al.*, Civil Action No. 13-CV-3980
       *Ranni v. Willis of Colorado, Inc., et al.*, Civil Action No. 09-2042

    2.    *Rotstain v. Trustmark National Bank, et al.*,     6
       Civil Action No. 09-CV-2384

    3.    *Janvey v. Greenberg Traurig, LLP, et al.*. Civil Action No. 12-CV-4641     7

    4.    *OSIC v. Breazeale, Sachse & Wilson, LLP, et al.*, Civil Action No.     8
       11-CV-329 and *Janvey v. Adams & Reese, et al.*,
       Civil Action No. 12-CV-495

    5.    *Troice v. Proskauer Rose, LLP, et al.*, Civil Action No. 09-CV-1600     10
       *Janvey v. Proskauer Rose, LLP, et al.*, Civil Action No. 12-CV-644
       *Janvey v. Proskauer Rose, LLP, et al.*, Civil Action No. 13-CV-477

    6.    *Frank v. Antigua and Barbuda*, Civil Action No. 09- CV – 2165     11
       *OSIC v. Antigua and Barbuda*, Civil Action No. 13- CV- 760

    7.    *Turk v. Pershing, LLC*, Civil Action No. 09-CV-2199, consolidated     12
       with *Mendez v. Pershing LLC and Lockwood Advisors, Inc.*,
       Civil Action No. 11-CV-314

    8.    *Wilkinson v. BDO USA, LLP, et al.*, Civil Action No. 11-CV-1115     13
       *OSIC v. BDO USA, LLP, et al.*, Civil Action No. 12-CV-1447

Page

9.  *Queyrouze, et al., v. Bank of Antigua, et al.,*          14
    Civil Action No. 10-CV-0304
    *OSIC v. Bank of Antigua, et al.*, Civil Action No. 13-CV-762

D.  Matters to Address During Status Conference              14

    1.  Consolidation of Certain Actions                     15

    2.  Potential Remand of Certain Actions                  16

    3.  The Issuance of Scheduling Orders                    17

    4.  The Parties' Respective Views as to Priorities       17

E.  Timing of Status Conference                              17

F.  Conclusion                                               18

## TABLE OF AUTHORITIES

Page

*Chadbourne & Parke, LLP v. Troice*, 571 U.S. ____,                    1, 4
134 S.Ct. 1058 (2014)

*Chadbourne & Parke, LLP v. Troice,* 133 S. Ct. 977 (2013)            3, 4

*Roland v. Green*, 675 F.3d 503 (5th Cir. 2012)                    3, 18

Sup. Ct. R. 45.2                                                      18

Sup. Ct. R. 45.3                                                      18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | § | |
| **COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3-09-CV 0298-N** |
| | § | |
| **STANFORD INTERNATIONAL** | § | |
| **BANK, LTD.,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**EXAMINER'S REPORT AND RECOMMENDATIONS NO. 8**
**AND REQUEST FOR STATUS CONFERENCE**
**(Prosecution of Third Party Class Actions and Related Litigation)**

As contemplated by the Court's Order appointing the Examiner (Civil Action No. 09-CV-0298, Doc. No. 322), John J. Little, Examiner, submits his Report and Recommendation No. 8 and Request for Status Conference ("Report No. 8"), addressing certain matters pertaining to the prosecution of class action cases and related litigation for the benefit of the Receivership Estate and the Investors.

**A.      Summary**

In this Report No. 8, the Examiner addresses the various third party class action lawsuits that are pending in this Court and, where applicable, the related lawsuits that have been filed by the Receiver and/or the Official Stanford Investors Committee ("OSIC").  Given the recent ruling by the U.S. Supreme Court in *Chadbourne & Parke, LLP v. Troice*, 571 U.S. ____, 134 S. Ct. 1058 (2014), those class action lawsuits are free to proceed in this Court.  The Examiner respectfully requests that this Court promptly schedule a status conference for the class action lawsuits identified herein, together with the corresponding lawsuits brought by the Receiver and/or the OSIC, to address (a) potential consolidation of certain of the lawsuits, (b) potential

remand of certain actions, (c) scheduling issues, and (d) the parties' respective views concerning how this Court should prioritize the pending lawsuits. The Examiner has listed in the Conclusion to this Report No. 8 the pending actions that he believes should participate in such a status conference.

### B.     Supreme Court Ruling

The Supreme Court's ruling in *Chadbourne & Parke, LLP v. Troice* specifically addresses two of the third party class action lawsuits pending in this Court: *Troice v. Willis of Colorado, Inc., et al.*, Civil Action No. 09-CV-1274, and *Troice v. Proskauer Rose, LLP*, Civil Action No. 09-CV-1600. While the *Willis* and *Proskauer Rose* matters were on appeal to the Fifth Circuit and the Supreme Court, other pending third party class actions have been formally or informally stayed.

### 1.     *Troice v. Willis of Colorado, Inc.*, et al., Civil Action No. 09-CV-1274

*Troice v. Willis* is a class action filed in 2009 against global insurance broker Willis Group and Texas-based insurance broker Bowen Miclette & Britt by a group of Stanford investors from Mexico and Latin America. The action seeks certification of a class of all Stanford investors and claims damages on their behalf of $7.2 billion, with alternative subclasses also alleged. The action alleges that the Defendants aided and abetted Stanford's fraudulent scheme to deceive investors around the world into believing that the SIBL CDs were insured by issuing letters to investors touting said insurance coverage.

On October 27, 2011, this Court granted the various motions to dismiss filed by the Defendants, finding that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precluded the action. Civil Action No. 09-1274, Doc. No. 155. The Court entered a final judgment against the Plaintiffs. *Id.* at Doc. No. 156. Plaintiffs filed a Notice of Appeal on October 28, 2011. On Plaintiffs' motion, the 5th Circuit Court of Appeals consolidated the *Willis*

appeal with two other cases and granted expedited consideration of the consolidated appeals. On March 19, 2012, the 5th Circuit issued its opinion reversing this Court's order. *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012). The 5th Circuit's Judgment was filed in this Court on May 9, 2012. Civil Action No. 09-1274, Doc. No. 165.

In July 2012, the *Willis* defendants filed petitions for writ of certiorari, which were granted on January 18, 2013. 133 S.Ct. 977 (2013).

> **2.** ***Troice v. Proskauer Rose, LLP, et al.*, Civil Action No. 09-1600**

This is a class action filed in 2009 against New York-based law firms Proskauer Rose, LLP, and Chadbourne & Parke, LLP (and former partner Tom Sjoblom) by a group of Stanford investors. The action seeks certification of a class of all Stanford investors and claims damages on their behalf of $7.2 billion. The action alleges that the Defendants aided and abetted Stanford's scheme to obstruct investigations by the SEC into Stanford's CD sales program from 2005 through 2009.

The Defendants filed motions to dismiss in late 2009. On October 21, 2011, the Court (as it did in the *Willis* matter addressed above) granted the motions to dismiss, finding that SLUSA precluded the action. Civil Action No. 09-1600, Doc. No. 96. Plaintiffs filed a notice of appeal. The 5th Circuit consolidated the *Proskauer Rose* appeal with the *Willis* appeal and the *Roland* appeal[1] and granted expedited consideration of the consolidated appeals. On March 19, 2012, the 5th Circuit issued its opinion reversing this Court's order. *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012). The 5th Circuit's Judgment was filed in this Court on May 9, 2012. Civil Action No. 09-1600, Doc. No. 106.

---

[1]     *Roland v. Green*, Civil Action No. 3:10-CV-224.

In July 2012, both Proskauer Rose LLP and Chadbourne & Parke, LLP filed petitions for writ of certiorari to the United States Supreme Court to seek further review of the 5th Circuit's decision. On January 18, 2013, the United States Supreme Court granted the writs of certiorari. 133 S. Ct. 977 (Case Nos. 12-79, Chadbourne & Parke, LLP, 12-88, Proskauer Rose, LLP). 2013.

3.    *Chadbourne & Parke, LLP v. Troice*, 571 U.S. ____, 134 S. Ct. 1058 (2014)

The Supreme Court heard oral argument in the *Willis* and *Proskauer Rose* appeals on October 7, 2013. On February 26, 2014, the Supreme Court issued its opinion affirming the 5th Circuit and concluding that SLUSA did not preclude the state law-based class action lawsuits brought against Willis, Proskauer Rose, LLP and Chadbourne & Park, LLP. A copy of the Court's majority opinion (by Justice Breyer), Justice Thomas' concurrence, and the dissent of Justices Kennedy and Alito is included in the Appendix to this Report at 4.

The Supreme Court's ruling permits the *Willis* and *Proskauer Rose* actions to proceed in this Court. It also permits the other third party class action lawsuits that are pending in this Court to proceed.

C.    **Request for Status Conference**

At the status conference held on January 16, 2014, the Court indicated that it would hold a status conference to address the pending class action lawsuits to consider, among other things, what might be done to expedite those lawsuits. Transcript of Status Conference Proceedings, January 16, 2014, at 27. In light of the Supreme Court's ruling in *Chadbourne & Parke, LLP v. Troice*, the Examiner respectfully requests that the Court promptly schedule a status conference to address the pending third party class action lawsuits. The Examiner further submits that the parties in the cases listed below should be invited to participate in such a status conference (the Examiner has included in the Conclusion to this Report No. 8 a list of the actions that he believes

should participate).  For the Court's convenience, the Examiner also summarizes his appreciation of the current status of each of the cases:

1.  ***Troice v. Willis of Colorado, Inc., et al.,*** **Civil Action No. 09-CV-1274**

   ***Janvey v. Willis of Colorado, Inc., et al.,*** **Civil Action No. 13-CV-3980**

   ***Ranni v. Willis of Colorado, Inc.****,* **Civil Action No. 09-2042**

As described above, *Troice v. Willis* is a class action brought on behalf of SIB CD investors.  Motions to dismiss Plaintiffs Third Amended Complaint were filed in *Troice v. Willis* by the defendants in May 2011.[2]  Civil Action No. 09-CV-1274, Doc. No. 123 (Willis), Doc. No. 124 (Winter) and Doc. No. 127 (Bowen Miclette & Britt).  Those motions are fully briefed.

Defendants Amy Baranoucky and Willis Group Holdings Public Limited Company filed motions to dismiss for lack of jurisdiction in response to the Plaintiffs' First Amended Complaint.  *Id.* at Doc. Nos. 37 (Baranoucky) and 40 (Willis Group Holdings).  The parties engaged in certain jurisdictional discovery and ultimately entered into a Stipulation staying the briefing with respect to those jurisdictional motions and certain related matters until after the Court rules on the Defendants' Merit-Based Motions to Dismiss.  *Id.* at Doc. No. 109.[3]

*Ranni v. Willis* is a class action brought on behalf of SIB CD investors "predominantly from Venezuela and South America."  Civil Action No. 09-CV-2042, Doc. No. 1.  It was originally filed in the Southern District of Florida, Miami Division.  It was transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML").  Pursuant to an Order entered on August 17, 2012, defendant Willis of Colorado's deadline for answering, moving or otherwise responding to the plaintiff's complaint was continued until sixty (60) days after the later of (1)

---

[2]     Prior motions to dismiss were filed in response to prior versions of the complaint.

[3]     The Examiner also notes that one other action, *Casanova v. Willis of Colorado, Inc., et al.*, Civil Action No. 10-1862, is stayed until sixty (60) days after the Court decides the pending motions to dismiss in *Troice v. Willis*.  *See* Civil Action No. 10-1862, Doc. 18.

the appointment of a lead plaintiff under the Private Securities Litigation Reform Act of 1995, or (2) the filing of a consolidated amended complaint.  Civil Action No. 09-CV-2042, Doc. No. 31.

In *Janvey v. Willis,* the Receiver and the OSIC assert claims on behalf of the Receivership Estate.  Motions to dismiss were filed by the defendants on February 28, 2014.  Civil Action No. 13-CV-3980, Doc. No. 19 (Willis), Doc. No. 22 (Willis Group Holdings), Doc. No. 25 (Baranoucky), Doc. No. 30 (Bowen Miclette & Britt) and Doc. No. 32 (Winter).  Pursuant to a stipulation filed by the parties on February 13, 2014, Doc. No. 18, plaintiffs will file their responses to the motions to dismiss on or before April 29, 2014 and defendants will file their reply briefs, if any, on or before May 29, 2014.  The motions to dismiss will then be fully briefed.[4]

## 2. *Rotstain v. Trustmark National Bank, et al.*, Civil Action No. 09-CV-2384

*Rotstain v. Trustmark* was originally filed in the 129th District Court of Harris County, Texas and was removed to this Court in November 2009.  *Rotstain* is a class action lawsuit against The Toronto-Dominion Bank ("Toronto Dominion"), Trustmark National Bank ("Trustmark"), Bank of Houston ("BoH"), HSBC Bank PLC ("HSBC") and SG Private Banking (Suisse) S. A. ("SocGen").  The defendant banks filed motions to dismiss the complaint on a variety of jurisdictional and other theories.  Civil Action No. 09-CV-2384, Doc. No. 28 (HSBC); Doc. No. 31 (Toronto Dominion); Doc. No. 32 (SocGen); Doc. No. 36 (Trustmark); and Doc. No. 39 (BoH).  Those initial motions to dismiss are largely briefed.  The original tort claim alleged by the class plaintiffs in the class complaint was not briefed in response to the defendant banks' motions to dismiss.  Instead, in light of this Court's decision in *Roland v. Green*, to dismiss that complaint under SLUSA, Civil Action No. 10-CV-224, Doc. No. 72, the class

---

[4]        There are a number of other Stanford-related actions pending in this Court that are brought against the Willis Defendants.  Those actions are addressed below, in Section D.2 of this Report.

plaintiffs requested that this Court enter an appealable Order dismissing their tort claim without prejudice.  Civil Action No. 09-CV-2384, Doc. No. 94.[5]  As a result of the Supreme Court's decision in *Troice*, all tort claims against the defendant banks can now be adjudicated by this Court on a consolidated basis.[6]

The class plaintiffs also filed a motion to amend the class complaint to incorporate by reference the claims asserted by OSIC against SocGen and Friedli (see below).  Civil Action No. 09-CV-2384, Doc. No. 131.  The motion to amend was not opposed by either SocGen or Friedli, but is still pending.

On December 6, 2012, the Court granted the OSIC's motion to intervene in *Rotstain*.  Civil Action No. 09-2384, Doc. No. 129.  The OSIC thereafter filed an intervenor's complaint against SocGen and Blaise Friedli asserting claims on behalf of the Receivership Estate, Doc. No. 130, and a second intervenor's complaint against Toronto Dominion, HSBC, Trustmark and BoH, also asserting claims on behalf of the Receivership Estate.  Doc. No. 133.

The defendants each filed motions to dismiss the OSIC's intervenor complaints.  *See* Civil Action No. 09-2384, Doc. No. 154 (BoH), Doc. No. 155 (HSBC), Doc. No. 157 (SocGen), Doc. No. 159 (Toronto Dominion), Doc. No. 160 (Friedli) and Doc. No. 162 (Trustmark).  Each of those motions to dismiss is now fully briefed.

### 3.    *Janvey v. Greenberg Traurig, LLP, et al.*. **Civil Action No. 12-CV-4641**

*Janvey v. Greenberg Traurig, LLP* is an action that asserts both class action claims (on behalf of a class of SIB CD purchasers) and claims on behalf of the Receivership Estate.  Each defendant filed a motion to dismiss, in whole or in part.  Defendant Greenberg Traurig, LLP

---

[5]      This Court did not enter the requested order.
[6]      The tort claims asserted by the class plaintiffs are essentially identical to the tort claims asserted by the OSIC.  The OSIC's tort claims have been fully briefed by the parties, so there likely is no need for additional briefing to address the tort claims asserted by the class.

moved to dismiss in part and otherwise filed an answer.  Civil Action No. 12-CV-4641, Doc. No. 27 (Greenberg Traurig motion and answer); Doc. No. 49 (Hunton & Williams, LLP motion); Doc. No. 56 (Yolanda Suarez motion).  Those motions to dismiss are fully briefed.

Defendants also filed motions seeking to join the Antiguan Joint Liquidators as parties to this action, and defendant Greenberg Traurig, LLP, filed a counterclaim and third party claim naming the Receiver and the Antiguan Joint Liquidators.  *See* Civil Action No. 12-CV-4641, Doc. No. 30 (Greenberg Motion to Join Joint Liquidators); Doc. No. 31 (Greenberg Counterclaim and Third Party Action); Doc. No. 51 (Hunton Motion to Join Joint Liquidators); Doc. No. 55 (Suarez Motion to Join Joint Liquidators). Those motions to join the Antiguan Joint Liquidators are also fully briefed.

The Receiver and the OSIC filed a motion to strike the counterclaim and third party action filed by Greenberg.  Civil Action No. 12-CV-4641, Doc. No. 59.  That motion is fully briefed.

### 4. *OSIC v. Breazeale, Sachse & Wilson, LLP, et al.*, Civil Action No. 11-CV-329 and *Janvey v. Adams & Reese, et al.*, Civil Action No. 12-CV-495

*OSIC v. Breazeale, Sachse & Wilson, LLP*, combines claims brought by OSIC on behalf of the Receivership Estate and class action claims brought on behalf of a class of Stanford investors who purchased SIBL CDs through their IRA accounts held at Stanford Trust Company in Louisiana.  The action originally named as defendants Adams & Reese, LLP; James Austin; Breazeale, Sachse & Wilson, LLP; Claude Reynaud; J.D. Perry; Rebecca Hamric; Michael Contorno; Louis Fournet; Jay Comeaux; Cordell Haymon; Thomas Frazer; Zack Parrish; Daniel

Bogar; and Jason Green.[7]   Various defendants filed motions to dismiss the action.  *See* Civil Action No. 11-CV-329, Doc. No. 22 (Adams & Reese, LLP and James Austin); Doc. No. 24 (Contorno); Doc. No. 39 (Louis Fornet); Doc. No. 68 (Breazeale, Sachse & Wilson, LLP); Doc. No. 71 (Claude Reynaud).  Those motions to dismiss are fully briefed.

In *Janvey v. Adams & Reese, LLP*, the Receiver and the OSIC brought claims on behalf of the Receivership Estate against Adams & Reese, LLP, Breazeale Sachse & Wilson, LLP, Robert Schmidt, James Austin, Claude F. Reynaud, Cordell Haymon and Thomas Frazer. Motions to dismiss were filed by the various defendants.  Civil Action No. 12-CV-495, Doc. No. 7 (Cordell Haymon and Thomas Frazer); Doc. No. 27 (Adams & Reese, LLP, Robert Schmidt and James Austin); Doc. No. 30 (Breazeale, Sachse & Wilson, LLP); Doc. No. 34 (Claude Reynaud).  Those motions were fully briefed and this Court entered its Order with respect to those motions on September 11, 2013.  *Id.* at Doc. No. 58.

In its Order, the Court dismissed the claims asserted against Adams & Reese, LLP, Breazeale, Sachse & Wilson, LLP, Robert Schmidt, James Austin, and Claude Reynaud (in his capacity as a partner of Breazeale, Sachse & Wilson, LLP).  The Court dismissed certain of the claims asserted against Claude F. Reynaud, Cordell Haymon and Thomas Frazer,[8] in their capacities as directors of Stanford Trust Company, but denied the motions to dismiss against those defendants as to the plaintiffs' breach of fiduciary duty and conspiracy claims.  The Court also denied the motion to dismiss with respect to the plaintiffs' respondeat superior claim against

---

[7]   The claims against Cordell Haymon, Thomas Frazer and Rebecca Hamric were dismissed without prejudice.  Civil Action No. 11-CV-329, Doc. No. 63.  Defendants J.D. Perry, Jay Comeaux, Zack Parrish, Daniel Bogar and Jason Green have not appeared or answered in the action.

[8]   Thomas Frazer died while this matter has been pending.  The Plaintiffs have filed a motion to substitute parties, Civil Action No. 09-CV-495, Doc. No. 69.  That motion is now fully briefed.

Breazeale, Sachse & Wilson, LLP (concerning Reynaud's service as a director of Stanford Trust Company).

*Janvey v. Adams & Reese, LLP*, is set for trial on October 27, 2014. Civil Action No. 12-CV-495, Doc. No. 66. Plaintiffs recently filed an unopposed motion for leave to file a second amended complaint. *Id.* at Doc. No. 91.

5.    ***Troice v. Proskauer Rose, LLP, et al.*, Civil Action No. 09-CV-1600** and

***Janvey v. Proskauer Rose, LLP, et al.*, Civil Action No. 12-CV-644** and
***Janvey v. Proskauer Rose, LLP, et al.*, Civil Action No. 13-CV-477**

As described above, *Troice v. Proskauer Rose, LLP,* is a class action brought on behalf of SIB CD investors in which Proskauer Rose, LLP, Chadbourne & Parke, LLP, Thomas V. Sjoblom, and P. Mauricio Alvarado[9] are named as defendants. Motions to dismiss were filed by the defendants in *Troice v. Proskauer Rose* in December 2009. Civil Action No. 09-CV-1600, Doc. Nos. 29 (Chadbourne), Doc. No. 31 (Proskauer), Doc. No. 36 (Sjoblom) and Doc. No. 44 (Alvarado). The motions were fully briefed in March 2010.

On January 27, 2012, the Receiver and the OSIC filed a complaint against Proskauer Rose, LLP, Chadbourne & Parke, LLP, and Thomas V. Sjoblom in the District Court of the District of Columbia. That action was transferred to this Court by the JPML on March 2, 2012. Civil Action No. 12-CV-644, Doc. No. 11. Defendants filed motions to dismiss. *Id.* Doc. No. 49 (Chadbourne); Doc. No. 50 (Proskauer); and Doc. No. 53 (Sjoblom). Among other bases for dismissal, defendants Chadbourne and Proskauer both challenged the existence of diversity jurisdiction in the District of Columbia court. The plaintiffs responded by moving this Court for a recommendation that the action be remanded to the District of Columbia. The motions to

---

[9]    Thomas V. Sjoblom was a partner in both Proskauer Rose, LLP and Chadbourne & Parke, LLP. P. Mauricio Alvarado worked for the Stanford Financial entities.

dismiss were fully briefed.  In an order dated August 21, 2013, this Court denied the motions to dismiss and recommended that the action be remanded to the District of Columbia.  *Id*. at Doc. No. 71.  The JPML subsequently entered its Order remanding the action to the District of Columbia.  *Id.* at Doc. No. 76.

At present, the action is pending in the District Court for the District of Columbia under Civil Action No. 1:12-CV-00155-CKK.  The plaintiffs have filed a motion seeking to have the action transferred back to this Court pursuant to 28 U.S.C. §1631.  The defendants have filed an opposition to that motion and a cross-motion seeking to have the action dismissed for lack of jurisdiction.

Because of the jurisdictional challenges raised by the defendants in *Janvey v. Proskauer Rose, LLP*, the Receiver and the OSIC filed a second action in this Court against Proskauer Rose, LLP, Chadbourne & Parke, LLP, and Thomas V. Sjoblom.  That action is pending as Civil Action No. 13-CV-477.  Pursuant to a stipulation entered on March 8, 2013, the latter filed action against these defendants was stayed pending the resolution of the remand to the District of Columbia.  Civil Action No. 13-CV-477, Doc. No. 13.

Until the District Court for the District of Columbia acts, there is nothing for this Court to do with respect to this action.[10]

6. ***Frank v. Antigua and Barbuda*, Civil Action No. 09- CV – 2165** and

*OSIC v. Antigua and Barbuda*, **Civil Action No. 13- CV- 760**

*Frank v. Antigua and Barbuda* is a class action originally filed in the Southern District of Texas, Houston, Division.  It is brought against the Commonwealth of Antigua and Barbuda on

---

[10] In both Proskauer Rose, LLP actions, there is a pending motion filed by the Receiver seeking to substitute attorneys.  *See* Civil Action No. 12-CV-644, Doc. No. 66; Civil Action No. 13-CV-477, Doc. No. 33.  The motion to substitute is fully briefed in both actions.

behalf of a class of SIB CD investors.  The action was transferred to this Court by the JPML. Civil Action No. 09-CV-2165, Doc. No. 12.  A motion to dismiss was filed by Antigua and Barbuda on December 1, 2010.  Civil Action No. 09-CV-2165, Doc. No. 26.  That motion to dismiss is fully briefed.

In *OSIC v. Antigua and Barbuda* , the OSIC asserts claims against the Commonwealth of Antigua and Barbuda on behalf of the Receivership Estate.  A motion to dismiss was filed by Antigua and Barbuda on January 27, 2014.  Civil Action No. 13-CV-760, Doc. No. 11.  Pursuant to a stipulation filed by the parties on February 7, 2014, Doc. No. 11, the OSIC will file its response to the motion to dismiss on or before March 28, 2014 and defendant will file its reply brief, if any, on or before April 28, 2014.  The motion to dismiss will then be fully briefed.

> **7.**    ***Turk v. Pershing, LLC*, Civil Action No. 09-CV-2199**
> consolidated with
> ***Mendez v. Pershing LLC and Lockwood Advisors, Inc.*,**
> **Civil Action No. 11-CV-314**

*Turk v. Pershing, LLC*, is a class action filed in November 2009 by Texas and Florida investors in SIBL CDs.  *Mendez v. Pershing LLC and Lockwood Advisors, Inc.*, is a class action filed in February 2011 by Stanford investors.  The action seeks certification of a class of Stanford investors who purchased SIBL CDs through Stanford's U.S. registered broker/dealer, Stanford Group Company ("SGC"), and whose funds were wire transferred by Pershing to SIBL to fund the purchase of SIBL CDs between December 27, 2005 and February 16, 2009, with alternative subclasses also alleged.

On July 2, 2012, the parties filed an agreed motion to consolidate the cases and to permit the filing of an amended, consolidated complaint.  Civil Action No. 09-CV-2199, Doc. No. 78. The Court entered its order formally consolidating the cases into the *Turk* case on July 3, 2012. Civil Action No. 09-CV-2199, Doc. No. 80.

Defendants filed a motion to dismiss the amended, consolidated complaint on August 2, 2012.  Civil Action No. 09-2199, Doc. Nos. 84, 85.  That motion to dismiss is fully briefed.

There is no pending action that asserts Receivership claims against Pershing LLC or Lockwood Advisors, Inc.

**8.**   ***Wilkinson v. BDO USA, LLP, et al.*, Civil Action No. 11-CV-1115** and

***OSIC v. BDO USA, LLP, et al.*, Civil Action No. 12-CV-1447**

*Wilkinson v. BDO USA* is a class action filed against various entities affiliated with the international accounting firm BDO.  BDO USA, LLP, filed a motion to dismiss on August 12, 2011.  Civil Action No. 12-CV-1447, Doc. No. 23.  BDO International filed a motion to dismiss on August 22, 2011.  *Id.* at Doc. No. 28.  Plaintiffs filed an amended complaint on September 2, 2011.  *Id.* at Doc. No. 31.  The action has been stayed by stipulation, pending the appeal of the *Troice v. Willis* and *Troice v. Proskauer* matters, since September 15, 2011.  *Id.* at Doc. No. 34.  The most recent such stipulation was entered on October 30, 2013, and provides that the stay will continue until "30 days following the Supreme Court's ruling."  *Id.* at Doc. No. 50.  That stipulation further provides that the parties are to file, within 14 days after expiration of the stay, "a proposed case management order providing a filing schedule for any remaining pleadings, motions or briefing directed toward the Complaint or the Amended Complaint."  *Id.*

In *OSIC v. BDO USA, LLP*, the OSIC asserts claims against the various BDO-related defendants on behalf of the Receivership Estate.  *OSIC v. BDO USA, LLP*, has been stayed pending the filing of an amended complaint by the OSIC.  *See* Civil Action No. 12-CV-1447, Doc. 15.

9.  *Queyrouze, et al., v. Bank of Antigua, et al.,* Civil Action No. 10-CV-0304[11] and

*OSIC v. Bank of Antigua, et al.*, Civil Action No. 13-CV-762

*Queyrouze v. Bank of Antigua* is a class action brought against various Caribbean-based banks and the Commonwealth of Antigua and Barbuda.  The Commonwealth of Antigua and Barbuda has filed a motion to dismiss the action.  Civil Action No. 10-304, Doc. 6.  That motion to dismiss is fully briefed.  None of the other defendants[12] in *Queyrouze* have appeared or answered.

In *OSIC v. Bank of Antigua, et al.*, the OSIC asserts claims against various Caribbean-based banks and the Commonwealth of Antigua and Barbuda on behalf of the Receivership Estate.  To date, no defendants[13] have appeared or answered in that action.  The OSIC has filed affidavits of service with respect to defendants Antigua and Barbuda and Eastern Caribbean Central Bank ("ECCB").  Civil Action No. 13-CV-762, Doc. Nos. 11, 12.  The OSIC has reached an agreement with those defendants concerning the filing and briefing of motions to dismiss pursuant to which defendants will file their motions to dismiss on or before March 26, 2014, OSIC will respond on or before May 9, 2014, and defendants will file reply briefs on or before May 30, 2014.

**D.  Matters to Address During Status Conference**

The Examiner respectfully submits that the Court should consider the parties' views as to the following matters at the status conference requested in this Report No. 8.

---

[11]  Bank of Antigua is named as a Defendant in both actions.  Because Bank of Antigua is a Receivership Entity, this Court's litigation stay applies to the claims against Bank of Antigua.

[12]  The other defendants are Bank of Antigua, Eastern Caribbean Central Bank, Antigua Commercial Bank, St. Kitts-Nevis-Anguilla National Bank Ltd., Eastern Caribbean Financial Holdings Company Ltd., National Commercial Bank (SVG) Ltd., and National Bank of Dominica, Ltd.

[13]  Defendants in *OSIC v. Bank of Antigua* are the same as the defendants in *Queyrouze v. Bank of Antigua*.

1.     **Consolidation of Certain Actions**

Two of the actions addressed above are already proceeding in a consolidated manner, with both class claims and Receivership Estate claims (brought by the Receiver and/or OSIC) combined in a single action.  Those actions are *Rotstain v. Trustmark, et al.*, Civil Action No. 09-CV-2384, and *Janvey v. Greenberg Traurig, LLP, et al.*, Civil Action No. 12-CV-4641.[14]  The Examiner respectfully suggests that consolidation is likely appropriate for, and that the Court should determine the parties' views concerning the potential consolidation of, the following groups of cases:

a.     *Troice v. Willis of Colorado, Inc.*, et al., Civil Action No. 09-CV-1274, *Janvey v. Willis of Colorado, Inc., et al.,* Civil Action No. 13-CV-3980, and
*Ranni v. Willis of Colorado, Inc., et al.*, Civil Action No. 09-2042;

b.     *Frank v. Antigua and Barbuda*, Civil Action No. 09- CV – 2165 and *OSIC v. Antigua and Barbuda*, Civil Action No. 13- CV- 760;

c.     *Wilkinson v. BDO USA, LLP, et al.*, Civil Action No. 11-CV-1115 and *OSIC v. BDO USA, LLP, et al.*, Civil Action No. 12-CV-1447;

d.     *Queyrouze, et al., v. Bank of Antigua, et al.,* Civil Action No. 10-CV-0304 and *OSIC v. Bank of Antigua, et al.*, Civil Action No. 13-CV-762.

With respect to the two matters involving Stanford Trust Company, O*SIC v. Breazeale, Sachse & Wilson, LLP, et al.*, Civil Action No. 11-CV-329 and *Janvey v. Adams & Reese, et al.*, Civil Action No. 12-CV-495, the Examiner believes that consolidation is at least appropriate for purposes of discovery.  Such a consolidation will avoid unnecessary duplication as discovery proceeds in those matters.  Complete consolidation of the cases may not be appropriate because *Janvey v. Adams & Reese* is set for trial in October 2014, while there are still fully briefed

---

[14]     *Turk v. Pershing, LLC*, Civil Action No. 09-CV-2199, has also been consolidated, with *Mendez v. Pershing, LLC*, Civil Action No. 11-CV-314.  That consolidated action does not include any claims by the Receivership Estate.

motions to dismiss to be decided in *OSIC v. Breazeale, Sachse & Wilson, LLP* and no scheduling order has been entered in that action.

Additionally, this Court cannot now consider consolidation of the various actions brought against Proskauer Rose, LLP and Chadbourne & Parke, LLP. Once the District Court for the District of Columbia rules on the motions currently pending before it, consolidation of those cases would be appropriate for this Court to consider.

### 2. Potential Remand of Certain Actions

There are a number of other actions pending in this Court that were originally brought in state courts, were removed to federal court and then transferred to this Court by the JPML. Those actions assert no class claims. Some or all may now be ripe for remand to state court. Those actions include:

a. *Rishmague v. Winter, et al.*, Civil Action No. 11-CV-2024 (originally filed in the 225th District Court of Bexar County, Texas). A motion to remand was filed (Doc. No. 4) and is fully briefed.

b. *MacArthur v. Winter, et al.*, Civil Action No. 13-CV-1449 (originally filed in the 189th Court, Harris County, Texas). Plaintiffs filed a motion to stay (Doc. No. 18) that has not been fully briefed. The parties entered a stipulation staying the case until after the Supreme Court's decision in *Troice* (Doc. No. 19).

c. *Ranni v. Willis Group Holdings, et al.*, Civil Action No. 13-2569 (originally filed in state court in Miami-Dade County, Florida). Plaintiffs filed a motion to remand the action (Doc. No. 8) that is fully briefed. The Court entered an Order staying the action pending the Supreme Court's ruling (Doc. No. 26).

d. *Zacarias v. Willis Group Holdings, et al.*, Civil Action No. 13-2570 (originally filed in state court in Miami-Dade County, Florida). Plaintiffs filed a motion to remand the action (Doc. No. 8) that is fully briefed. The Court entered an Order staying the action pending the Supreme Court's ruling (Doc. No. 25).

e. *Barbar v. Willis of Colorado, Inc., et al.*, Civil Action No. 13-2571 (originally filed in state court in Miami-Dade County, Florida). Plaintiffs filed a motion to remand the action (Doc. No. 12) that is fully briefed.

The Court entered an Order staying the action pending the Supreme Court's ruling (Doc. No. 29).

f.   *Gadala-Maria v. Willis Group Holdings, et al.*, Civil Action No. 13-2572 (originally filed in state court in Miami-Dade County, Florida).  Plaintiffs filed a motion to remand the action (Doc. No. 10) that is fully briefed. The Court entered an Order staying the action pending the Supreme Court's ruling (Doc. No. 28).

g.   *Tisminesky v. Willis Group Holdings, et al.*, Civil Action No. 13-2573 (originally filed in state court in Miami-Dade County, Florida).  Plaintiffs filed a motion to remand the action (Doc. No. 7) that is fully briefed.  The Court entered an Order staying the action pending the Supreme Court's ruling (Doc. No. 25).

3.   **The Issuance of Scheduling Orders**

Many of the actions addressed in this Report No. 8 have been pending for almost five (5) years.  While there remain motions to dismiss that need to be decided in many of these actions, the Examiner respectfully submits that the Court should enter scheduling orders in these actions and permit discovery to begin.  Stanford's investors have waited long enough for their day in court and should not suffer additional delays.  The passage of time does not help the investors, nor does it help witnesses who will be needed to testify in these actions.

4.   **The Parties' Respective Views as to Priorities.**

As the Court did in its last status conference, it should solicit from the parties their respective views concerning how it might best prioritize the various matters that need to be addressed by the Court in these class action and related cases.

### E.   Timing of Status Conference

The Examiner respectfully suggests and requests that the Court schedule a status conference at its first opportunity.  Defendants in the *Willis* matter and the *Proskauer Rose* matter already have sent letters to the Court requesting a status conference.  *See* Civil Action No. 09-CV-1274, Doc. No. 177 (letter from counsel to Willis); Civil Action No. 09-CV-1600, Doc.

122 (letter from counsel to Chadbourne & Parke, LLP). Those matters were the only two involved in the Supreme Court decision that remain before this Court; all of the other matters addressed in this Report No. 8 have been stayed, formally or informally, pending the Supreme Court's ruling in *Chadbourne & Parke, LLP, v. Troice*.

The Examiner does not believe that this Court needs to await any Mandate from the Supreme Court (via the 5th Circuit) before proceeding with a status conference. Supreme Court Rule 45.3 suggests that no Mandate is to be expected with respect to the *Willis* or *Proskauer* appeals:

> In a case on review from any court of the United States, as defined by 28 U.S.C. §451, a formal mandate does not issue unless specifically directed; instead, the Clerk of this Court will send the clerk of the lower court [here, the 5th Circuit] a copy of the opinion or order of this Court and a certified copy of the judgment.

Sup. Ct. R. 45.3.[15] Because the Supreme Court affirmed the 5th Circuit's decision in *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012), the 5th Circuit's Judgments in *Willis*, Civil Action No. 09-1274, Doc. No. 165, and *Proskauer*, Civil Action No. 09-1600, Doc. No. 106, remain effective and binding upon this Court..

## F.  Conclusion

In this Report No. 8, the Examiner recommends that the Court promptly schedule a status conference to address the class action lawsuits identified below, together with the corresponding lawsuits brought by the Receiver and/or the OSIC, to address (a) potential consolidation of certain of the lawsuits, (b) potential remand of certain actions, (c) scheduling issues, and (d) the parties' respective views concerning how this Court should prioritize the pending lawsuits.

---

[15]    By way of contrast, a mandate does issue, 25 days after judgment, in cases on review from a state court. Sup. Ct. R. 45.2.

<u>Class Action Lawsuits and Related Receiver/OSIC Lawsuits</u>

1.  *Troice v. Willis of Colorado, Inc.*, et al., Civil Action No. 09-CV-1274
    *Janvey v. Willis of Colorado, Inc., et al.,* Civil Action No. 13-CV-3980
    *Ranni v. Willis of Colorado, Inc., et al.*, Civil Action No. 09-2042

2.  *Rotstain v. Trustmark National Bank, et al.*, Civil Action No. 09-CV-2384

3.  *Janvey v. Greenberg Traurig, LLP, et al.*. Civil Action No. 12-CV-4641

4.  *OSIC v. Breazeale, Sachse & Wilson, LLP, et al.*, Civil Action No. 11-CV-329
    *Janvey v. Adams & Reese, et al.*, Civil Action No. 12-CV-495

5.  *Troice v. Proskauer Rose, LLP, et al.*, Civil Action No. 09-CV-1600
    *Janvey v. Proskauer Rose, LLP, et al.*, Civil Action No. 12-CV-644
    *Janvey v. Proskauer Rose, LLP, et al.*, Civil Action No. 13-CV-477

6.  *Frank v. Antigua and Barbuda*, Civil Action No. 09- CV – 2165
    *OSIC v. Antigua and Barbuda*, Civil Action No. 13- CV- 760

7.  *Turk v. Pershing, LLC*, Civil Action No. 09-CV-2199, consolidated with
    *Mendez v. Pershing LLC and Lockwood Advisors, Inc.*,
    Civil Action No. 11-CV-314

8.  *Wilkinson v. BDO USA, LLP, et al.*, Civil Action No. 11-CV-1115
    *OSIC v. BDO USA, LLP, et al.*, Civil Action No. 12-CV-1447

9.  *Queyrouze, et al., v. Bank of Antigua, et al.,* Civil Action No. 10-CV-0304
    *OSIC v. Bank of Antigua, et al.*, Civil Action No. 13-CV-762

<u>Lawsuits Where Remand May Be Appropriate</u>

1.  *Rishmague v. Winter, et al.*, Civil Action No. 11-CV-2024

2.  *MacArthur v. Winter, et al.*, Civil Action No. 13-CV-1449

3.  *Ranni v. Willis Group Holdings, et al.*, Civil Action No. 13-2569

4.  *Zacarias v. Willis Group Holdings, et al.*, Civil Action No. 13-2570

5.  *Barbar v. Willis of Colorado, Inc., et al.*, Civil Action No. 13-2571

6.  *Gadala-Maria v. Willis Group Holdings, et al.*, Civil Action No. 13-2572

7.  *Tisminesky v. Willis Group Holdings, et al.*, Civil Action No. 13-2573

Respectfully submitted,

_____/s/ John J. Little_____
        John J. Little
        Tex. Bar No. 12424230
LITTLE PEDERSEN FANKHAUSER, LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]

COURT-APPOINTED EXAMINER

## CERTIFICATE OF SERVICE

On March 11, 2014, I electronically submitted the foregoing document to the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ John J. Little