IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| , Plaintiff | § § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |
| THE OFFICIAL STANFORD INVESTORS' COMMITTEE | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-CV-01447-N |
| BDO USA, LLP, *et al.*, | § § | |
| Defendants. | § § | |
| PHILIP WILKINSON, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-CV-01115-N |
| BDO USA, LLP, *et al.*, | § § | |
| Defendants. | § | |

ORDER – PAGE 1

## ORDER

This Order addresses Nancy Diaz, Christiane Trujillo-Wertz, and Joseph James Flynn's ("Objectors") request for supplemental information [2241] *in* 3:09-CV-0298-N; [73] *in* 3:12-CV-01447-N; [102] *in* 3:11-CV-01115-N.  The Court denies the request.

Objectors request the opportunity to review documents the Court requested from the parties to aid the Court's analysis of the Motion to Approve the Proposed Settlement with BDO USA, LLP, to Approve the Proposed Notice of Settlement with BDO USA, LLP, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees [2137] *in* 3:09-CV-0298-N.  Specifically, the Objectors request review of Plaintiffs Ralph S. Janvey (the "Receiver") and the Official Stanford Investors Committee's ("OSIC") analysis of the settlement value of their claims against BDO USA, LLP ("BDO"), a draft of Plaintiffs' consulting expert's report, the parties' confidential mediation position papers, and BDO's financial and insurance information.

All of these items were filed without objection, ex parte, under seal, and solely for the Court's in camera review.  The Court has discretion to consider in camera information submitted ex parte and under seal for the purpose of determining the fairness and adequacy of a proposed settlement.  *See Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824 at *3, 18–20, 22 (E.D. La. Jan. 18, 2012) (approving settlement agreement based in part on in camera review of confidential settlement terms and exhibits.); *see also SEC v. Kaleta*, 2012 WL 401069, at *5 (S.D. Tex. Feb. 7, 2012), *aff'd*, 530 F. App'x 360 (5th Cir. 2013).

Here, the Court permitted the requested information to be filed confidentially based on the information's highly sensitive nature and its limited purpose: aiding the Court's analysis of the proposed settlement's fairness and adequacy.  Objectors do not cite to any case, statute, rule, or other source of law entitling them to review this information.  Nor do they cite to any compelling need to review the information other than a general assertion of interest in the facts and circumstances surrounding the settlement.  All involved here agree that it is the Court, not the parties or Objectors, that has the authority to approve or deny the settlement agreement.  As such, the information the Objectors seek would only conceivably affect the Objectors' analysis of whether to withdraw their objection.  The Objectors are not prejudiced by this information being kept under seal as they already decided to object to the settlement even without the requested information.  The Objectors' objection is based on the inadequacy of the settlement; withholding the requested information will not diminish the objection's strength, as the information will be considered alongside the arguments already made at the settlement hearing and in relevant filings.

The Court finds that the limited benefit, if any, that the Objectors would obtain through review of this information is far outweighed by the risk of prejudice, in the form of disclosure of highly sensitive information, to the parties who produced the confidential information for the Court's in camera review.  Accordingly, the Court denies the Objectors' request for supplemental information.[1]

---

[1]As additional bases for denying the Objectors' request, the Receiver and OSIC assert that their claim value analysis, draft expert report, and mediation position papers are subject to the work product privilege and other protections by statute and under the Federal Rules of Civil Procedure.  Pl.'s Obj. and Resp. 2.  While those assertions likely provide further support to the Court's decision, further analysis is unnecessary here based on the Court's

Signed September 23, 2015.

David C. Godbey
United States District Judge

_____

discretion in considering settlement agreements.

ORDER – PAGE 4